## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILIP MORRIS USA INC.,

SHERMAN GROUP HOLDINGS, LLC,

      Plaintiffs,

            v.                    Case No.:  1:20-cv-01181-KBJ

UNITED STATES FOOD AND DRUG
ADMINISTRATION, *et al*.,

      Defendants.

### JOINT STATUS REPORT

On March 8, 2021, this Court held a status conference and ordered that the parties' pending cross-motions for summary judgment and Plaintiffs' motion for a preliminary injunction be held in abeyance until further order of the Court.  The Court further set a status conference for May 24, 2021, in part "to discuss any recent developments in the parallel litigation in the Eastern District of Texas."  Minute Order (Mar. 8, 2021).  On May 14, 2021, this Court vacated the status conference set for May 24 and directed the parties to file a joint status report, "which shall include a proposed schedule for further proceedings if litigation is going to be necessary."  Minute Order (May 14, 2021).  As required by that order, the parties have conferred, and now respectfully submit the following joint status report, which includes the parties' separate proposals for further proceedings in this matter, on which they could not reach agreement:

### Update on Texas Litigation

Plaintiffs previously notified this Court that the United States District Court for the Eastern District of Texas had postponed the effective date of the Rule for a second time, until April 14,

1

2022.  ECF No. 65.  On May 21, 2021, over the government's objection, the district court in the Eastern District of Texas postponed the effective date a third time, by an additional 90 days.  *See* Order at 1, *R.J. Reynolds Tobacco Co. et al. v. FDA et al.*, No. 6:20-cv-00176-JCB (E.D. Tex. May 21, 2021), ECF No. 91 (attached as Exhibit A).  The effective date of the Rule is now July 13, 2022.  The court in Texas further ordered that "[a]ny obligation to comply with the Tobacco Control Act's warning requirements, 5 U.S.C. § 1331(a)(1) and (b)(1), and the additional requirements in 21 U.S.C. §§ 387c(a)(2) and 387t(a), is also postponed for an additional 90 days, as is any other obligation to comply with a deadline tied to the effective date of the rule."  Ex. A at 1.  Following the May 21, 2021 order, FDA's website recognized "[t]he new effective date of the final rule" and provided that "[p]ursuant to the court order, any obligation to comply with a deadline tied to the effective date is similarly postponed."[1]  Cross-motions for summary judgment are fully briefed and were argued on December 11, 2020.  They remain pending.

### Further Proceedings in this Litigation

The parties have conferred but were unable to agree on the nature of further proceedings in this matter.  Accordingly, the parties set forth their respective positions below:

Plaintiffs' Proposal

Plaintiffs believe setting a schedule for argument on and resolution of the pending motions would be premature at this time and require the Court to wade through and decide difficult questions of immense importance when that exercise may be totally unnecessary.  When Plaintiffs filed their motion for a preliminary injunction, the Rule was in effect, with an effective date of October 16, 2021.  At that time, Plaintiffs faced irreparable harm including unconstitutional

---

[1] *See* Cigarette Labeling and Health Warning Requirements, U.S. Food & Drug Administration, *available at* https://www.fda.gov/tobacco-products/labeling-and-warning-statements-tobacco-products/cigarette-labeling-and-health-warning-requirements (last accessed June 15, 2021).

compelled speech and immense, unrecoverable costs in attempting to comply with the Rule. *See* Dkt. No. 22-1, at 62-63. Since then, the orders of the Eastern District of Texas have effectively stopped the Rule and removed the specter of Plaintiffs' irreparable harm. Plaintiffs are not "actively seeking to delay resolution of the litigation." *See* p. 7, *infra*. Rather, another federal court's ruling in parallel litigation has obviated the urgency with which this Court would consider Plaintiffs' pending motions. Still, that relief is only temporary.

Upon expiration of the Texas court's § 705 stay or the issuance of a ruling upholding the Rule, Plaintiffs will immediately face all the irreparable harm outlined in their motion for a preliminary injunction. *See* ECF No. 46 at 62-63; ECF No. 49 at 38-40; *see also* ECF No. 5-1, at 1-2 (Texas court's finding that tobacco manufacturers and retailers would suffer "irreparable injury absent postponement of the rule's effective date," including "imminent compliance costs" that would not be reimbursed by the government if the plaintiffs prevail on the merits). Plaintiffs' motion for a preliminary injunction would be ripe for decision at that time, when they will begin to immediately incur irrecoverable compliance costs and face other irreparable harm. This is not an "indefinite" delay. *See* pp. 6, 8, *infra*. The court in Texas only stayed the Rule's effective date for 90 days. So barring further action by that court, Plaintiffs will again be subjected to the irreparable harms the Rule causes at the end of August. Thus, Plaintiffs would begin to accrue those massive compliance costs well in advance of the Rule's effective date. AR19615 ("a labeling change requires a minimum of 15 months to implement"). If the Court's schedule permits a prompt and simultaneous ruling on the pending summary judgment and preliminary injunction motions at that time, Plaintiffs have no objection to the Court resolving those motions on the same timeline. But if the Court's schedule does not permit that, the immediate irreparable harm Plaintiffs will

face entitles them to a preliminary injunction apart from the ultimate resolution of the merits on the cross-motions for summary judgment.

This Court explained at the March 8, 2021 status conference that "it is ordinarily my practice if there is parallel litigation that is even marginally ahead of mine insofar as the other case has already been argued and the judge in that case has taken steps to put off the effective date . . . to hold off on analyzing this or even calling for argument until I have the benefit of at least seeing what his analysis is."  Status Conf. Tr. at 13:9-16 (Mar. 8, 2021) (attached as Exhibit B).  This Court further indicated that "if" the Eastern District of Texas had ruled on the pending motions by the May 24, 2021 status conference, "we can talk about setting a hearing and moving forward with the matter in this case."  *Id.* at 14:8-13.

The situation now is materially the same as it was at the March 8, 2021 status conference. Because the Eastern District of Texas again extended relief initially granted under 5 U.S.C. § 705, the new July 13, 2022 effective date applies to all parties subject to the Rule, including Plaintiffs in this case.  *See Dist. of Columbia v. U.S. Dep't of Ag.*, No. 20-cv-119-BAH, 2020 WL 1236657, at *34 (D.D.C. Mar. 13, 2020) ("[Section] 705 must be read to authorize relief from agency action for any person otherwise subject to the action, not just as to plaintiffs.").  As with the first two § 705 orders from the Eastern District of Texas, that court's most recent order allows Plaintiffs "to freeze their compliance work, . . . for now."  Status Conf. Tr. at 8:18-25, 10:1-4.

The dispute here presents important constitutional and statutory issues.  Yet the proceedings in the Eastern District of Texas could obviate, narrow, or clarify those issues. Premature consideration of the parties' pending motions before the Texas court has an opportunity to opine on very similar questions could result in the Court unnecessarily expending judicial resources and would not benefit either party.  After all, as Defendants themselves recognize, for

4

now, the Rule's effective date is on hold for Plaintiffs in this case, no matter how this Court rules. *See* note 1, *supra*. This Court may not need to resolve the issues at all, depending on the outcome of the Eastern District of Texas litigation, which could come any day. *See R.J. Reynolds Tobacco Co. et al. v. FDA et al.*, No. 6:20-cv-00176-JCB (E.D. Tex. Dec. 11, 2020), ECF No. 85 (court suggesting it may be "able to rule by March of 2021 on summary judgment, fully resolving the merits").

Accordingly, Plaintiffs do not believe that the Court should set an argument date on the pending motions at this time.

Plaintiffs propose that the Court continue to hold the pending motions in abeyance and proceed as follows:

- Order the parties to file written status reports promptly alerting the Court to any developments in the Eastern District of Texas litigation and otherwise file written status reports every 60 days if no action is taken in the Eastern District of Texas.

- Set a status conference consistent with the Court's schedule four weeks after the expiration of the Eastern District of Texas' stay or ruling on the merits of the pending motions (whichever is earlier).

- Tentatively schedule a hearing on the preliminary injunction and motions for summary judgment for approximately two weeks after the status conference.

This schedule is consistent with the Court's ordinary practice and would allow the Court to benefit from the analysis of the Eastern District of Texas and any actions ordered by that Court. It would also allow Plaintiffs to determine whether they will continue to seek the relief described in their motion for a preliminary injunction pending the outcome of the Eastern District of Texas litigation.

<u>Defendants' Proposal</u>

Defendants respectfully submit that the Court can and should now (1) deny Plaintiffs' pending (and fully briefed) motion for a preliminary injunction, given that Plaintiffs no longer

appear interested in extraordinary, time-sensitive relief before final judgment; and (2) resolve the parties' (also fully briefed) cross-motions for summary judgment, with or without holding oral argument.  No further schedule or deadlines are necessary or appropriate, regardless of the current status of separate litigation in the Eastern District of Texas.

Plaintiffs Philip Morris USA Inc. and Sherman Group Holdings, LLC filed this action over a year ago, on May 6, 2020.  ECF No. 1.  After the parties reached agreement on a briefing schedule, ECF No. 15, Plaintiffs filed a motion for a preliminary injunction on August 5, 2020. ECF No. 22-1.  That motion has been fully briefed for more than six months (since December 2, 2020).  Likewise, the parties each filed cross-motions for summary judgment, which have been fully briefed for nearly five months (since January 27, 2021).  Currently, the effective date of the cigarette-health-warnings rule that Plaintiffs challenge is July 13, 2022, approximately thirteen months away.

Despite all this, Plaintiffs continue to seek to postpone resolution of this case *indefinitely*— relying on the possibility of future developments, on an entirely uncertain timetable, in separate litigation in the Eastern District of Texas.  This is not the first time that Plaintiffs have sought to avoid a resolution of this case: in May, Plaintiffs relied on what they described as "the possibility of an imminent ruling in the Texas litigation" to justify their request to postpone a status conference.  ECF No. 67.  (No such ruling has since been issued.)  And in March, Plaintiffs took a similar approach at a status conference.  Now, they point to the possibility of a ruling in Texas that Plaintiffs hypothesize could come "any day."  *Supra* at 5.

Setting aside the speculative nature of their assumptions about what another federal district judge will do and when, Plaintiffs' approach is quite unusual, given that in their still-pending and fully-briefed motion for a preliminary injunction, they claim to be facing imminent and irreparable

harm.  For the reasons set forth in Defendants' briefs, that motion is meritless on its own terms. But now that Plaintiffs have repeatedly expressed an interest in avoiding a ruling from this Court on *their own motion* for time-sensitive injunctive relief—at the March 8, 2021 status conference, in their May, 13, 2021 motion to continue, ECF No. 67, and again in this filing—the Court should simply deny Plaintiffs' motion for a preliminary injunction.  *See* Ex. B, March 8, 2021 Status Conference Transcript at 10:17-18 (Counsel for Plaintiffs: "[A]s of today we do not need the preliminary injunction now.").

A preliminary injunction is, of course, an "extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  That extraordinary remedy is categorically inappropriate where, as here, the movant is actively seeking to delay resolution of the litigation.  *Cf., e.g.*, *TK Servs., Inc. v. RWD Consulting, LLC*, 263 F. Supp. 3d 64, 73 (D.D.C. 2017) ("[T]he force of plaintiff's request that the Court respond to this claimed emergency is undermined by plaintiff's own delay in bringing this lawsuit.").  And that is even clearer in light of Plaintiffs' concession that "the specter of Plaintiffs' irreparable harm" has now been "removed." *Supra* at 3.

In addition, as Defendants explained in their opposition brief last October, Plaintiffs' motion for a preliminary injunction *never* made much sense, given that "this case can be litigated to final judgment on the same timeline that Plaintiffs' preliminary-injunction motion would be decided, and before Plaintiffs suffer any irreparable harm."  ECF No. 24-1 at 67, 72-74.  That prediction has now been proven true, as evidenced by Plaintiffs' own approach to this litigation. Defendants also do not share Plaintiffs' belief that the need for a ruling in this case could realistically be "obviate[d]," *supra* at 4, by a decision from the Eastern District of Texas— particularly given the possibility that one or more parties in the *R.J. Reynolds* litigation will appeal

7

to the Fifth Circuit.  So, unless Plaintiffs intend to pursue a delay of the resolution of this case through years of appeals, there is not likely to be much (if any) benefit to this Court from waiting for further action halfway across the country—even if the parties could be confident that a ruling from the Eastern District of Texas were imminent.

For these reasons, and for the reasons set forth in Defendants' prior filings and those expressed at the March 8, 2021 status conference, Plaintiffs' motion for a preliminary injunction can and should now be denied.  As for the need for (and timing of) any oral argument on the parties' pending and fully briefed cross-motions for summary judgment, Defendants defer to the Court.  Finally, as for Plaintiffs' scheduling proposal—*i.e.*, that this case should effectively sit indefinitely on this Court's docket at least until a ruling has been issued in separate litigation in the Eastern District of Texas (the timing of which is entirely unknown and unknowable)— Defendants oppose that request, for all the same reasons.

DATED:  June 18, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
D.C. Bar No. 995500
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: Stephen.Pezzi@usdoj.gov

*Attorneys for Defendants*

Respectfully submitted,

/s/ *Stephen D. Andrews*
LISA S. BLATT (D.C. Bar No. 429544)
STEPHEN D. ANDREWS (D.C. Bar No. 470994)
SARAH M. HARRIS (D.C. Bar No. 1004964)
MATTHEW J. GREER (D.C. Bar No. 241858)
RICHARD S. CLEARY, JR. (D.C. Bar
No. 1046834)
JESSE T. CLAY (D.C. Bar No. 1721523)
WILLIAMS & CONNOLLY LLP
   *725 Twelfth Street. N.W.,*
   *Washington, DC 20005*
   *Tel: (202) 434-5000*
   *Fax: (202) 434-5029*
   *lblatt@wc.com*
   *sandrews@wc.com*
   *sharris@wc.com*
   *mgreer@wc.com*
   *rcleary@wc.com*
   *jclay@wc.com*

   *Attorneys for Plaintiffs*